[No. 1901.    Decided January 30, 1896.]

EDNA L. MITCHELL, *Respondent,* v. THE TACOMA RAILWAY AND MOTOR COMPANY, *Appellant.*

STREET RAILROAD — INJURY TO CHILD AT CROSSING — CONTRIBUTORY NEGLIGENCE — EXPERT OPINION AS TO PROBABLE RESULTS — EVIDENCE AS TO SURROUNDINGS — EXCESSIVE DAMAGES — WEIGHT OF EVIDENCE — INSTRUCTIONS.

Where there is any substantial conflict in the evidence, the verdict of the jury will not be disturbed on appeal, although, in the opinion of the court, it may be against the weight of evidence.

The giving of an instruction which unduly emphasizes the duty of the defendant to the plaintiff as a child of tender years is not prejudicial error, when followed by another instruction clearly and correctly setting forth the corresponding duties resting upon plaintiff and defendant.

Where the theory of the plaintiff, in an action for injuries received by being run over by a cable car, is that the gripman was not attending fully to his duty and for that reason the brake was not applied as soon as it should have been, and plaintiff was dragged beneath the car some distance, it is not error to refuse a request for a charge to the jury that they "cannot find any negligence against this defendant for any act occurring after the girl was first struck. After she was struck by the car the undisputed evidence shows that the car was stopped as soon as it could be done by the gripman."

It is not error to refuse to charge the jury that if plaintiff (who was a child of tender years), "attempted to cross the street over the track of the defendant without looking to see whether there was a car approaching, she was guilty of contributory negligence and cannot recover."

In actions for damages for personal injuries the testimony of a physician as to the probable results of such injuries, when founded upon the present condition of the plaintiff, is admissible, though such expert opinion must necessarily be uncertain as to the future.

Evidence as to the amount of noise made by a cable is admissible in an action for damages for injuries received by reason of the negligence of defendant in running its cable cars.

A verdict of $30,000 for injuries inflicted upon a child of tender years through defendant's negligence in the operation of its cable car is excessive, and should be reduced to $12,000, though the injuries were severe and the results to the plaintiff very serious.

Appeal from Superior Court, Pierce County — Hon. JOHN C. STALLCUP, Judge. Modified.

*Crowley, Sullivan & Grosscup,* for appellant:

No negligence can be predicated upon any state of facts unless it affirmatively appears that in the exercise of due care and caution the accident would not have happened. *Christensen v. Union Trunk Line,* 6 Wash. 75; *Dorman v. Broadway,* 117 N. Y. 655; *Coughtry v. Willamette St. Ry. Co.,* 21 Or. 245; *Quincy, etc., R. R. Co. v. Wellhoener,* 72 Ill. 60; *Northside St. Ry. Co. v. Want,* 15 S. W. 40; *Zurfluh v. People's Ry. Co.,* 46 Mo. App. 636; *Kennedy v. St. Louis R. R. Co.,* 43 Mo. App. 1; *Maschek v. St. Louis R. R. Co.,* 71 Mo. 276. Even if the

circumstances testified to tend to show negligence there is no testimony tending to show that the negligence of the company was the proximate cause of the injury. It is not enough for the plaintiff to show an act of negligence; the plaintiff must also show that the particular act of negligence proven was the direct cause of the injury. Tested by this criterion the injuries to the plaintiff were the result of unavoidable accident. The plaintiff having darted suddenly upon the track, or very close to it, within four feet of the front end of the car, it was impossible under any circumstances for the persons in control of the car to have prevented the accident. Ordinary care and caution or any higher degree of care and caution could not prevent the unavoidable. Patterson, Railway Accident Law, §§ 10, 11, 372; *Fenton v. Second Ave. R. R. Co.*, 126 N. Y. 625; and citations given above. Even in those states which provide by statute that warning shall be given to travelers by the ringing of bells upon approaching crossings, it is held that there must be evidence that the accident was the result of failure to give warning, else there can be no recovery. *Quincy, etc., R. R. Co. v. Wellhoener*, 72 Ill. 60. Again, the evidence was not sufficient to justify a finding that the bell was not rung. The negative testimony of witnesses not having occasion to listen for the ringing of the bell would not overcome the positive testimony of the conductor and motorman. *Bohan v. Milwaukee, etc., Ry. Co.*, 61 Wis. 391.

The uncontradicted testimony shows that the plaintiff was guilty of contributory negligence. We understand the rule to be that when it appears that an intelligent child is familiar with the operation of a street car and attempts to get upon or cross the tracks of the street railway without looking, and without

taking any other precaution, there being no conflict in the testimony as to such facts, it is the duty of the court to apply the rule of contributory negligence. Under such circumstances the acts of the child are judged by the rules of law applicable to adults. *Sheets v. Connolly St. Ry. Co.*, 54 N. J. Law, 518; *Manahan v. Steinway, etc., R. R. Co.*, 125 N. Y. 760; *Messenger v. Dennie*, 141 Mass. 335; *Baker v. Eighth Ave. R. R. Co.*, 16 N. Y. Supp. 319; *Reynolds Co. v. Third Ave. R. R. Co.*, 28 N. Y. Supp. 734; *Fenton v. Second Ave. R. R. Co.*, 126 N. Y. 625.

The court had no right to instruct the jury that the defendant was required to exercise a greater degree of care and caution towards the plaintiff, stated by the court to be a child of tender years, than the degrees of care and caution required to prevent injury to an adult. *Mitchell v. Tacoma Ry. & M. Co.*, 9 Wash. 127; *Nolan v. New York, etc., R. R. Co.*, 53 Conn. 461; *Eswin v. St. Louis, etc., Ry. Co.*, 96 Mo. 290.

The verdict of the jury for $30,000 is excessive. No testimony was introduced tending to show that the plaintiff was earning anything before the accident, or that she had any special capacity for any particular calling. There is no proof of any money being paid out for plaintiff for medical treatment, or for the expenses of sickness. She suffered great pain only for a short time, and the only permanent injury proved with any degree of certainty was the scars upon her face and head. Plaintiff by the accident did not lose the use of any of her limbs, therefore the verdict must have been based almost entirely upon what the jury anticipated would compensate her for the results likely in the future to follow the accident. The medical experts testified that numerous ills might possibly follow some time in the far future. The examination of these

experts, however, developed that their opinions were mere conjectures. The medical testimony also disclosed at the time of the trial, some two years after the accident, that the plaintiff was in good health; that she was a bright, intelligent girl, attending school the same as other children. It is apparent from the testimony of the experts that the results which they testified might follow from the injury are as likely not to transpire as they are to happen. In fact, from the condition of the girl's health at the time of the trial it would appear that there was very little danger of severe permanent injuries. *Cogswell v. West St. Electric Ry. Co.*, 5 Wash. 46, 61; *Florida Ry. & Nav. Co. v. Webster*, 25 Fla. 394; *Missouri Pacific Ry. Co. v. Texas Pacific Ry. Co.*, 41 Fed. 311; *Louisville Southern R. R. Co. v. Minogue*, 14 S. W. 357.

*Ben. Sheeks* (*F. G. Merrill*, of counsel), for respondent:

When the facts are disputed upon a question of negligence, or when they are not disputed, but different minds might honestly draw different conclusions from them, the case must be left to the jury. *Sioux City R. R. Co. v. Stout*, 17 Wall. 657; *Nesbitt v. City of Greenville*, 30 Am. St. Rep. 521; *Deans v. Wilmington, etc., R. R. Co.*, 22 Am. St. Rep. 902; *Valin v. Milwaukee, etc., R. R. Co.*, 82 Wis. 1 (33 Am. St. Rep. 17, and note). The tender age of plaintiff is an additional reason for leaving the question of negligence to the jury, as they are made the judges of the amount of care and caution she ought to be called upon to exercise.

To the rule that the plaintiff cannot recover if guilty of negligence contributing to the injury, there is a qualification said by the courts to be equally as well established as the rule itself: "That though the plaintiff may have been guilty of negligence, and although

the negligence may, in fact, have contributed to the accident, yet if the defendant could in the result, by the exercise of ordinary care and diligence, have avoided the mischief which happened, the plaintiff's negligence will not excuse him." *Radley v. L. & N. W. R. Co.*, 1 App. Cas. 754 (18 Moak, Eng. Rep. 37); *O'Rourke v. Chicago, etc., R. R. Co.*, 44 Iowa, 527; *Citizens' Street Ry. Co. v. Steen*, 42 Ark. 321; *Klipper v. Coffey*, 44 Md. 117; *Davies v. Mann*, 2 Thompson, Negligence, 1105; *Needham v. Railroad Co.*, 37 Cal. 409; *Inland, etc., Coasting Co. v. Tolson*, 139 U. S. 551; *Hays v. Gainesville St. Ry. Co.*, 8 Am. St. Rep. 624; *Virginia, etc., Ry. Co. v. White*, 10 Am. St. Rep. 874.

Defendant objects to the second instruction given, as to the rule of care and caution in case of a child. Defendant made no request for further instructions on this subject, and we submit that we are now entitled to the benefit of the rule that mere incompleteness, or partial non-direction, is not error unless proper complementary instructions are requested and refused. *Texas, etc., Ry. Co. v. Volk*, 14 Sup. Ct. 239; *Sidwell v. Evans*, 21 Am. Dec. 387. As counsel still seems to insist that plaintiff is entitled to no different consideration than an adult, we cite *Harriman v. Railway Co.*, 45 Ohio St. 11 (4 Am. St. Rep. 507); Bishop, Non-Contract Law, § 591; Cooley, Torts (1st ed.), 680–683.

As stated in defendant's brief, upon the subject of excessive damages, it is true, but, we think, not remarkably strange, that it was not shown that this little girl, eight years of age, was earning anything, or that she had any "special capacity for any particular calling." But it was shown when she herself appeared before the jury, that all capacity for anything of this kind had been cut off; and it was shown in the same way, without any medical experts, that the injury was

as permanent as would have been the loss of a limb, and so serious that she must go through life, not only maimed and deformed, but with a constitution shattered and an intellect impaired. In view of the testimony as to the injury to the eye, the loss of part of the bones of the face and skull, the loss of a portion of the gray matter of the brain, and the fact that a portion of the brain remains unprotected except by the scar tissue which has grown over it, it seems strange to read the assertion of counsel, that "the only permanent injury proved with any degree of certainty was the scars upon her face and head."

The opinion of the court was delivered by

HOYT, C. J.—This action was brought to recover for personal injuries to the plaintiff, caused by being struck by one of the cars of the defendant. The trial resulted in a verdict for the plaintiff for $30,000, upon which, after a motion for a new trial had been made and denied, judgment was duly entered.

Several errors are assigned as reasons for the reversal of this judgment. We will consider them in the order in which they are set out in the brief of appellant. The first one relates to the sufficiency of the evidence to sustain the verdict. It is claimed that there was such an absence of testimony to sustain the allegations of the complaint that the court committed error in refusing the request of the defendant for a directed verdict in its favor. The testimony is too voluminous to be set out in this opinion, and it would serve no good purpose for us to say more than that there was in our opinion evidence introduced from which the jury was authorized to find the necessary facts to sustain a verdict. The preponderance of testimony may have been to the contrary, but that fact—

if fact it was — would furnish no reason for reversing the judgment. If there was any substantial conflict in the evidence, it was the right of the jury to weigh it, and its decision thereon will not be disturbed for the reason that in the opinion of this court such decision was against the weight of evidence.

As a further reason why there should have been a directed verdict for the defendant, it is claimed that the uncontradicted testimony showed that the plaintiff was guilty of contributory negligence; but in our opinion such circumstances were disclosed by the proofs as made it a question of fact for the jury, and not one of law for the court, to determine as to whether or not the plaintiff was guilty of contributory negligence.

The third assignment of error is founded upon the second instruction given by the court to the jury. Such instruction was in the following language.

"The same degree of care and caution is not required of a child of tender years as of an adult, and greater caution is required toward a child than toward one of mature years, as the age and capacity of the child may appear to require at the time. It is the duty of those operating street cars to exercise diligence and caution especially at street crossings where people are known to be frequently passing."

It is possible that this instruction might have misled the jury, if no other had been given in relation to the same subject; for while it probably does not misstate the law, it might have had a tendency, if given without qualification, to have unduly emphasized the duty of the defendant to the plaintiff as a child of tender years; but at the request of the defendant instruction No. 11 was given, as follows:

"You are instructed that the defendant company was only required to use ordinary care and caution

to prevent injury to the plaintiff and the correspond-
ing duty rested upon the plaintiff to exercise ordinary
care and caution to prevent injury to herself, the jury
in this connection taking into consideration her knowl-
edge of the operation of the cars and her familiarity
therewith and the extent of her capacity and discre-
tion; "

the effect of which must have been to have prevented
the jury from giving any undue weight to said in-
struction No. 2.

The fourth assignment is founded upon the refusal
of the court to comply with the request of the defend-
ant and give the following instruction to the jury:

" You are also instructed you cannot find any negli-
gence against this defendent for any act occurring after
the girl was first struck.   After she was struck by the
car the undisputed evidence shows that the car was
stopped as soon as it could be done by the gripman."

Upon the theory of the defendant that the evidence
showed that the gripman was paying attention to his
business so that the brake was applied at the earliest
possible moment after the danger to the plaintiff could
have been known to him, there would be force in the
contention that it was entitled to this instruction; but
the theory of the plaintiff was that the gripman was not
attending fully to his duty and that for that reason the
brake was not applied as soon as it should have been;
and the evidence was such that it was for the jury to
determine what was proven, and that being so, and it
being within the province of the jury to find that the
brake was not applied as soon as it should have been,
defendant was not entitled to the instruction.

This assignment of error is further founded upon
the refusal of the court to give requested instructions
numbered 8, 9 and 12.   What we have said as to the
instructions above set out will apply to instructions

numbered 8 and 9, and it is not necessary to further discuss the effect of the refusal to give them.    Instruction No. 12 was as follows:

"You are instructed that the undisputed testimony discloses that Edna Mitchell knew that the cars of the defendant company frequently passed along Thirteenth street across Tacoma avenue.    If she attempted to cross the street over the track of the defendant without looking to see whether there was a car approaching, she was guilty of contributory negligence and cannot recover.    And this is likewise true whether she was actually attempting to cross the street or was moving back and forth thereon across or about the tracks of the defendants."

To reverse the judgment for refusal to give this instruction would require us to hold not only that it was the duty of an adult to look in each direction for a car when about to cross the track of a street railway, but to apply the same rule to a child of tender years.    We are not willing to do this.    To hold that a child of the age of plaintiff would be guilty of contributory negligence, if it failed to look for a car before crossing a street railway, would be to practically refuse any relief for an accident to such a child caused by a passing car, however great the negligence of those operating it.    The refusal to give this instruction did not constitute reversible error.    Especially is this so in view of instruction No. 4, which was given at the request of defendant and was as follows:

"If you should find that Edna Mitchell saw the car approaching and got upon the track of the defendant, believing she had sufficient time to cross the same before the car would reach her, the act was simply an error of judgment on her part, and she was guilty of contributory negligence and cannot recover."

The fifth allegation of error is founded upon the ruling of the court in permitting the witness Hodge

to testify as to the distance in which a car could be stopped upon a level. It is claimed that it was error to allow this witness to testify as to that subject and other subjects relating to the conditions under which and time within which, a car could be stopped; for the reason that he was not shown to have sufficient knowledge to authorize him to testify upon these subjects. But, in our opinion, he was so qualified that his evidence was competent, and its weight, after the degree of his knowledge had been tested by cross-examination, was for the jury.

It is also claimed that the court erred in allowing Doctor Libby to testify as to the supposed condition of the plaintiff as indicated by her testimony at the trial. This was the question which the witness was allowed to answer: "Assuming that testimony (referring to the testimony of plaintiff) to be true, Doctor, what, in your opinion, would be the future results, or what does that tend to show?" The objection to this testimony was founded upon the claim that it was allowing a mere possibility to be made an element of damage. But every expert opinion as to the future, founded upon present conditions, is, and must necessarily be, uncertain; but the fact that it is so uncertain does not prevent the opinion of an expert being given as to the probable results.

The witness Johns was allowed to testify as to the amount of noise made by the cable, and it is claimed that this was error. But we think it was competent for the jury to be put in possession of all the circumstances surrounding the scene of the accident at the time it occurred.

The alleged errors in the admission of the testimony of the witnesses Metcalf and Clyde Mitchell are not so clearly pointed out in the brief of appellant as to war-

rant us in reversing the judgment, even if the evidence had been erroneously admitted and was material. But we are of the opinion that it was not so material as to warrant a reversal, even if the error founded thereon had been clearly set out.

The only other reason stated by the appellant for a reversal of the judgment is that it was excessive. Upon this question we have carefully examined the testimony contained in the record, and are of the opinion that the claim of appellant is fully sustained; for while it is true that the evidence shows that the accident was a very severe one, and that the results to the plaintiff were very serious, yet her condition at the time of the trial was not such as to warrant the jury in coming to the conclusion that it would require the large sum of $30,000 to compensate her for the injuries she had received. There are in the books very few cases where a judgment for damages to that amount for personal injuries has been allowed to stand. In a great majority of the cases where injuries as severe as those of the plaintiff were sustained, the verdicts which have been allowed to ripen into final judgments have been for sums of not more than one-fourth of the amount of the verdict in this case. In our opinion the verdict awarded by the jury upon the former trial of the cause was for an amount which would have fully compensated the plaintiff for the injury received. If the question was a new one, we should be of the opinion that even that verdict was for an extreme amount, but in view of the fact that two juries have found that it would require at least that amount to compensate the plaintiff, we think it our duty to hold that it was within the province of the jury upon the proofs to have found a verdict for $12,000.

If the plaintiff elects, within thirty days, to remit

$18,000 from the amount of the judgment, it will be allowed to stand for the remaining amount of $12,000, and in that amount will be affirmed.  If not, it will be reversed and a new trial awarded.

SCOTT, ANDERS and GORDON, JJ., concur.